UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAEED PIROOZ, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No.: 4:05MC00521CDP |
| MEMC ELECTRONIC MATERIALS, INC., | ) |
|       Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY CONFIRMATION OF ARBITRATION AWARD**

COMES NOW Plaintiff Saeed Pirooz, and for his Memorandum in Opposition to Defendant MEMC's Motion to Stay Confirmation of Arbitration Award, states as follows:

**INTRODUCTION**

The Court should deny MEMC's Motion to Stay. While the FAA *permits* a District Court to order a stay of proceedings to enforce an arbitration award (9 U.S.C. § 12), the Court is not required to issue such an order, and, in this case, it simply would not be logical to order a stay of Pirooz's Complaint for Confirmation of the Arbitration Award.

**BACKGROUND**

By way of background, the Arbitrator's Award was entered July 8, 2005, at which time Arbitrator Gianoulakis directed MEMC to make full payment of the Award to Pirooz within 30 days.  Compl., ¶ 20.  MEMC has failed and refused to pay Pirooz as directed by the Arbitrator.  Compl, ¶ 23.  As a result of MEMC's failure and refusal to pay, Pirooz filed his Complaint for Confirmation of Arbitration Award with the Court on August 29, 2005.  MEMC never formally responded to Pirooz's Complaint, but filed its *de facto* response, its Motion to Vacate and Memorandum in Support, on October 7, 2005.

## **ARGUMENT**

There is simply no reason to issue an order of stay in this matter because, should the Court deny MEMC's Motion to Vacate, it "must" enter judgment for Pirooz on his Complaint to Confirm the Arbitration Award.  *North Central Constr. V. Siouxland Energy and Livestock Cooperative*, 2004 WL 2413394, *10 (N.D.IA October 26, 2004) (quoting *Domino Group, Inc., v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 419 (8th Cir. 1993)).  As stated in *North Central Construction*, under Section 9 of the FAA, "the court **must** grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." *North Central Constr. V. Siouxland Energy and Livestock Cooperative*, 2004 WL 2413394, *10 (N.D.IA October 26, 2004) (quoting *Domino Group, Inc., v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 419 (8th Cir. 1993)).[1]  MEMC's Memorandum in Support of its Motion to Vacate is, for all intents and purposes, a memorandum opposing Pirooz's Complaint for Confirmation of the Arbitration Award.  Indeed, MEMC certainly should not be permitted a second bite at the apple (or, third, including the Arbitration) to defeat Pirooz in this matter.  Thus, should the Court deny MEMC's Motion to Vacate, the Court should simultaneously enter an order confirming the Arbitration Award.[2]

To the extent MEMC argues it should have the opportunity to oppose Pirooz's request, made in his Complaint for Confirmation, for attorneys' fees and pre-judgment interest, MEMC waived its ability to file any such opposition.  Indeed, under the plain language of 9 U.S.C. § 12, MEMC either has no right to obtain a stay by virtue of its own motion or was at least required to

---

[1]  *North Central Constr.* is filed as Exhibit 16 to Pirooz's Memorandum in Opposition to MEMC's Motion to Vacate.
[2]  At that time, with the Court's leave, Pirooz would of course file the appropriate affidavit and documentation supporting his request for attorneys' fees and costs incurred pursuing confirmation of the Award and in defense of MEMC's Motion to Vacate.

2

obtain the Court's order staying the proceedings on Pirooz's Complaint for Confirmation and serve that Order with its Motion to Vacate.  The FAA provides that "[f]or the purposes of the motion [to vacate] any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, **to be served with the notice of motion [to vacate]**, staying the proceedings of the adverse party to enforce the award."  *Id.* (emphasis added).  MEMC never obtained such an order prior to filing or serving its Motion to Vacate.  Rather, MEMC filed its Motion to Stay the Proceedings simultaneously with its Motion to Vacate, one day short of the three-month statute of limitations for seeking vacatur of an Arbitration Award.  In addition, MEMC's Motion to Stay was filed almost 40 days after Pirooz filed his Complaint for Confirmation, which is well outside of the 5-day period for responding to motions or the 20-day period for responding to a Complaint.  In short, MEMC waived its ability to argue in opposition to Pirooz's request for attorneys' fees and prejudgment interest.

For the foregoing reasons, the Court should deny MEMC's Motion to Stay.

                Respectfully submitted,

                ARMSTRONG TEASDALE LLP

                By:  /s/ E.W. Gentry Sayad
                    E.W. Gentry Sayad, #42558
                    Michael B. Kass, #94212
                    One Metropolitan Square, Suite 2600
                    St. Louis, Missouri 63102-2740
                    (314) 621-5070
                    (314) 621-5065 (facsimile)

                ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of November, 2005, a true copy of the foregoing was served via electronic notification, through the Court's ECF system, upon:

Kevin A. Sullivan
Christopher K. Geldmacher
3415 Hampton Ave.
St. Louis, MO 63139
ksullivan@sselaw.net
cgeldmacher@sselaw.net

and

Robert Schultz, Esq.
Schultz & Little, LLP
640 Cepi Drive, Suite A
Chesterfield, MO 63005

                                            /s/ E.W. Gentry Sayad