UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAEED PIROOZ, )
)
    Plaintiff, )
)
vs. ) Case No. 4:05MC521 CDP
)
MEMC ELECTRONIC )
MATERIALS, INC., )
)
    Defendant. )

## **MEMORANDUM AND ORDER**

Plaintiff Saeed Pirooz seeks an award of attorneys fees and costs. As discussed more fully in my opinion of March 7, 2006, the arbitration agreement at issue here allowed the prevailing party to recover attorneys fees, and part of the award I confirmed was for attorneys fees of the arbitration. Under the same provisions, Pirooz is entitled to an award of attorneys fees and reasonable expenses incurred in the lawsuit. Additionally, Pirooz is entitled to taxation of costs as the prevailing party.

Defendant MEMC did not object to Pirooz's request for taxation of costs in the amount of $308, and I agree that these costs are properly taxable under 28 U.S.C. §1920. I will therefore direct the Clerk of Court to tax costs in the amount of $308.

MEMC does object that the attorneys fees claimed are not reasonable. Pirooz seeks §56,882.50[1] in attorneys fees and $3,099.87 in non-taxable expenses. Defendant argues that Pirooz has the burden of proving these amounts are reasonable, and has failed to do so. It also argues that he has not shown that the bills have actually been incurred by him. The last argument is easily dealt with, as Pirooz has filed an affidavit stating that he has personally incurred the fees. This if sufficient to show that they are his obligation to pay.

To decide whether the requested fees are reasonable, I should consider: the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the result obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. St. Louis Fire Fighters Assoc. v. City of St. Louis, Missouri, 96 F.3d 323, 332 n.10 (8th Cir. 1996).

---

[1] Pirooz's motion says the fee amount is $56,888.50, but the supporting documents total only $56,882.50.

In this case plaintiff has presented evidence that the fee claim reflects the attorneys' and their paralegals' regular hourly rates and accurately sets out the number of hours they actually expended in confirming the award. They have provided an affidavit of another attorney opining that the amount of time and the fees are reasonable for this type of case. Obviously, counsel was not able to work on other matters when working on this one, and the attorneys involved here are experienced and skilled in handling business litigation such as this.

Defendant argues that the legal work in this case consisted simply of filing four briefs, and that therefore the request for fees is not reasonable. MEMC points out that its own lawyers billed only $34,144 for their work in the case. While I agree that it can be helpful to look at opposing counsel's bills as a check on reasonableness, this is not the determining factor. Plaintiff's counsel, after all, obtained an excellent result for their client; defendant's counsel did not.

I have carefully reviewed the billing statements, and find that they are reasonable under all of the circumstances of this case. The hourly rates are reasonable and customary. Although the amount of hours expended is probably on the high side of reasonableness, I do not see any hours listed that I can say are for work that was not necessary. The facts of the arbitration in this case are somewhat unusual, because there were actually three contracts that had to be considered, and

MEMC's argument that the arbitrator improperly relied on equitable principles is a novel claim.

I do agree that the fees claimed for preparing the fee application should be subtracted from the total, so I will reduce the claim by $4,342. Additionally, I note that Pirooz continues to incur attorneys fees in attempting to enforce the award in the case. Because MEMC initially refused to post a bond while the case is on appeal, Pirooz's attorneys instituted garnishment and other collection procedures. When they did so, MEMC then agreed to post a bond, but even that required fairly extensive attorney and court involvement. This award, of course, does not include any attorneys fees for Pirooz's collection expenses, and the fees incurred in that activity will not be awarded. That means that the fee award is actually less than Pirooz has actually incurred. As I noted above, plaintiff's charges may be on the high side of reasonablness; this is more than offset by the reduction I am making by excluding the expenses of preparing the fee motion and by the amounts that plaintiff will undoubtedly have to spend on collection. The resulting award of $52,540.50 in fees and non-taxable expenses of $3099.87, for a total award of $55,640.37 is reasonable under all the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for bill of costs [#25] is

granted, and the Clerk of Court shall tax costs in the amount of $308 against MEMC.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys fees [#26] is granted in part, and plaintiff shall recover the additional amount of $55,640.37 as its reasonable attorneys fees and expenses in this matter.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2006.